UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. ~~3:24-cr-XXX~~ 080 |
| v. | 4:24-cr-165 |
| MARTY FEINBERG, | **PLEA AGREEMENT** |
| Defendant. | |

The United States of America (also referred to as "the Government"), Defendant, Marty Feinberg, and Defendant's attorney, enter into this Plea Agreement.

## A.   CHARGES

1.   <u>Subject Offenses.</u>   Defendant will plead guilty to Counts 1-4 of the United States Attorney's Information charging a violation of Title 26, United States Code, Section 7203, that is Willful Failure to File Return for Tax Years 2018, 2019, 2020, and 2021.

2.   <u>No Further Prosecution.</u>   If the Court accepts this Plea Agreement, the Government will not prosecute Defendant further under Title 26 of the United States Code in connection with the tax years 2017 – 2021.

3.   <u>No Charges to be Dismissed.</u>   There are no charges to be dismissed.

## B.   MAXIMUM PENALTIES

4.   <u>Maximum Punishment.</u> Defendant understands that the crimes to which Defendant is pleading guilty in Counts 1-4 each carry a sentence of up to one year in prison; a maximum fine of $100,000; and a term of supervised release of not

1

more than one year. A mandatory special assessment of $25 per count must also be imposed by the Court. Defendant understands that these sentences may be imposed consecutively.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than one year in prison on any such revocation, without any credit for time previously served.

6. <u>Detention</u>. Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Counts 1 – 4, Willful Failure to File Return**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    that the Defendant was required to file a federal income tax return for the years in question;

    (b)    that the Defendant knew he was required to file such tax returns; and

    (c)    that the Defendant willfully failed to file the required tax returns at or before the time required by law.

8. <u>Factual Basis</u>.  As a factual basis for Defendant's pleas of guilty, Defendant admits to the following:

(a) At all relevant times, Defendant resided in Fort Madison, Iowa, within the Southern District of Iowa, and operated a scrap metal business there.

(b) Defendant had and received gross income substantially in excess of the Internal Revenue Service's filing requirements for the calendar years 2017-2021, as set forth below:

| YEAR | FILING REQUIREMENT |
|---|---|
| 2017 | $10,400 |
| 2018 | $12,000 |
| 2019 | $12,200 |
| 2020 | $12,400 |
| 2021 | $12,550 |

Said unreported gross income was derived from Defendant's scrap metal business.

(c) By virtue of this gross income, Defendant knew he was required to file a U.S. Individual Income Tax Return with the Internal Revenue Service on or before the following dates:

| | |
|---|---|
| 2017 | April 17, 2018 |
| 2018 | April 15, 2019 |
| 2019 | May 15, 2020 |
| 2020 | May 17, 2021 |
| 2021 | April 18, 2022 |

Defendant knowingly, deliberately, and willfully failed to file said returns.

9. <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.

Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

12. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    The tax loss resulting from Defendant's offenses and all relevant conduct, including for the calendar years 2017-2021;

    (b)    Whether sophisticated means were used to commit all or part of the offenses;

    (c)    Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offenses;

  (d) The nature and extent of Defendant's criminal history (prior convictions); and

  (e) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statutes of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

  13. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty.

  14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and

challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17. <u>Sentence to be Decided by Judge -- No Promises</u>.  This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.  Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.  Therefore, it is uncertain at this time what Defendant's actual sentence will be.

18. <u>No Right to Withdraw Plea</u>.  Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.  **FINES AND COSTS OF PROSECUTION**

19. <u>Fines and Costs</u>.  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.  The Government agrees not to seek costs of prosecution.

20. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $25 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

## F.  LIMITED SCOPE OF AGREEMENT

21.  <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22.  <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

23.  <u>No Resolution of Civil Tax Liability</u>.  Defendant understands that the "tax loss" described in this Plea Agreement is for the sole purpose of computing Defendant's base offense level under the United States Sentencing Guidelines.  This Plea Agreement does not resolve any civil tax liability (including penalties) Defendant may have for any taxable period or in connection with any entity.  The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by law, including assessments against Defendant for additional tax due and owing and levies or garnishments to collect these amounts.  However, Defendant remains free to make any payments to the Internal Revenue Service at any time toward the payment

of any tax liability that may exist, including as contemplated in paragraph 6 of this Plea Agreement.

24. <u>Special Condition</u>. Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release, in lieu of any order of restitution:

    (a) That Defendant cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liability that Defendant may have for the calendar years 2017-2021;

    (b) That Defendant pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability within 60 days of the final assessment by the Internal Revenue Service;

    (c) That Defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue Service, and that Defendant actually make the required payments; and

    (d) That Defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

### G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a) Plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

### H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

I.  **GENERAL PROVISIONS**

29.  <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30.  <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.  <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.  Defendant understands that this Plea Agreement is subject to the approval of the Tax Division of the U.S. Department of Justice, and that the attorney for the Government will not sign this Plea Agreement unless and until such authorization is received.

J.  **SIGNATURES**

32.  <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and

will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

____11/26/24____  ____/s/ Marty Feinberg____
Date                              Marty Feinberg

33. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

____11/26/24____  ____/s/ Angela Campbell____
Date                              Angela Campbell
                                  Attorney for Marty Feinberg
                                  301 East Walnut Street, Suite 1
                                  Des Moines, Iowa  50309
                                  515-288-5008
                                  Email: angela@iowajustice.com

13

34. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                        Richard D. Westphal
                                                        United States Attorney

11/26/2024                 By: _____
Date

                                                        Andrew H. Kahl
                                                        Assistant United States Attorney
                                                        Neal Smith Federal Building
                                                        210 Walnut Street, Suite 455
                                                        Des Moines, Iowa 50309
                                                        Telephone:  515-473-9300
                                                        Telefax:  515-473-9292
                                                        E-mail: Andrew.Kahl@usdoj.gov